IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

J.C. OTIS COLLINS                                                    PLAINTIFF

v.                                    Civil No.  4:10-cv-4039

JUDGE GRIFFIN *et al.*                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at the Miller County Correctional Facility in Texarkana, Arkansas, has filed a pleading by using a form entitled "Prisoner Civil Rights Complaint."  (Doc.  1).  Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP").  (Doc.  3).  The Motion to Proceed IFP was granted on May 5, 2010.  (Doc.  5).

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A.  For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A for failure to state a claim upon which relief can be granted.

### I.       BACKGROUND

The following facts were presented to the Court in Plaintiff's Complaint  (Doc.  1) and Supplement to the Complaint.  (Doc.  4).  Plaintiff alleges he was held in jail without a revocation of bond hearing for over sixty (60) days.  (Doc.  1 at 2).  Plaintiff alleges he turned himself into Miller County Jail on December 11, 2009 because he heard there was a "blue warrant"[1] filed on him.  *Id.*

---

[1]  In Texas, a "blue warrant" is an arrest warrant for pre-revocation arrest of offenders who have violated a condition of parole.

at 5.  Plaintiff was seeking a urine test because he had been in drug and mental rehab since June 1, 2009.[2]  *Id*.  Plaintiff turned himself into his probation officer, Defendant Houff.  *Id*.  Plaintiff states Defendant Houff would not test him, but told him to go to Miller County on December 11, 2009, and he followed her instructions.  *Id*.

Plaintiff states he was taken to court on February 9, 2010, which was sixty-one (61) days since he turned himself in, but he did not see a judge on that date.  *Id*.  Plaintiff was brought back on March 4, 2010, but he only spoke to Defendant Dowel, his attorney.  (Doc.  1 at 5).  Defendant Dowel advised Plaintiff to "take some time" even though Plaintiffs rights "were in violation."  *Id*.

Plaintiff further requests relief in the form of being "released and put back on probation because the 60 days are up . . .."  (Doc.  1 at 6).  Plaintiff has sued as Defendants Judge Griffin, a Miller County Circuit Court Judge; Carlton Jones, an Assistant District Attorney; Wayne Dowel, a public defender[3]; and Mrs.  C.  Houff, an employee of the Parole and Probation Office.

## II.     APPLICABLE LAW

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a).  That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28

---

[2]  Plaintiff states he was in drug and mental rehabilitation since "6-1-10," (Doc.  1 at 5, ¶ 3) but as that date has not yet passed, the Court will consider the date to be a typographical error and that Plaintiff was in rehabilitation since June 1, 2009.  Other relevant dates also suggest June 1, 2009 is the correct date.

[3]  The Court notes that Defendant, public defender, "Wayne Dowel" is likely Wayne Dowd, a public defender who represents indigent defendants in Miller County, Arkansas.

-2-

U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); *see also, Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County,* 954 F.Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

### III.    DISCUSSION

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's complaint in this case names only defendants who are immune from suit or not considered state actors in Section 1983 litigation.

A.  Defendant Carlton Jones

Defendant Jones is a prosecuting attorney.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, all actions underlying Plaintiff's claims occurred during the state criminal proceeding on Plaintiff's bond revocation.  Therefore, it is clear the defendant prosecuting attorney is entitled to absolute immunity in this case.  *See, e.g., Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996), *cert. denied*, 519 U.S. 867 (1966) (holding county prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff's complaint seeks injunctive relief against the prosecuting attorney, this relief is not cognizable in this case.  While the Supreme Court has not held that prosecutors are immune from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff seeking such relief must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff does not allege such facts in this case.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *Id.* at 542 & n.22; *see also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).  Clearly, Plaintiff has adequate remedies available to him through the state appellate courts.

B.  Defendant Judge Griffin

Defendant Griffin is a circuit court judge in the Arkansas state courts.  He also has absolute

immunity from suit.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability."  *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations:  (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.  *See Mireles*, 502 U.S. at 11.  Plaintiff has alleged no facts in this case to indicate Defendant Griffin's actions were "non-judicial" or that it was taken in the absence of all jurisdiction.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity."  *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam,* 466 U.S. at 104).  "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c)), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects."  *Nollet*, 85 F. Supp. 2d at 210.  As amended by the FCIA  § 1983 now precludes injunctive relief against  a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a  declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Plaintiff does not allege that either of these prerequisites for injunctive relief are met.  Thus, to the extent Plaintiff seeks injunctive relief his claims are subject to dismissal.  *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the  unavailability of

declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted).  Equitable relief is not appropriate where an adequate remedy under state law exists.  *See Pulliam*, 466 U.S. at 542 & n. 22.  *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989).  An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.  *See Mullis*, 828 F.2d at 1392 (citation omitted).  *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law).  *See also J&M Mobile Homes, Inc. v. Hampton*, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).  Here Plaintiff had an adequate remedy at law through the appellate process and is not entitled to equitable relief.

### C.  Defendant Mrs.  C.  Houff

Defendant Houff would also have immunity in this case.  Probation  officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process. *Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir.1998) (probation officers); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports); *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable

to those of judges," and are, therefore, entitled to absolute immunity.).

 D.  Defendant Wayne Dowel

Although not immune from suit, Defendant Dowel is not considered a state actor, and thus Section 1983 litigation is not applicable to him.  "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002). Here, the named Defendant, Wayne Dowel, is being sued in his capacity as a public defender, and it is well settled that public defenders are not considered to be state actors for Section 1983 purposes. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).  *See also Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir.1991)  ("[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations").

 **IV.     CONCLUSION**

Accordingly, I recommend that Plaintiff's Complaint (Doc.  1) be **DISMISSED** as it fails to state a claim under Section 1983.  I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

However, having filed this action, Plaintiff remains liable for the filing fee.  *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir.  1997) (holding even if the petition is dismissed, the full filing fee is still assessed because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal.).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

      **DATED this 11th day of May 2010.**

                          /s/ Barry A. Bryant
                          HON. BARRY A. BRYANT
                          U.S.  MAGISTRATE JUDGE